IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH GROSSMAN. | Crim. Action No. CCB-18-0348<br>Civil Action No. CCB-20-1229 |

**MEMORANDUM**

On July 16, 2019, Kenneth Grossman pled guilty to one count of conspiracy to distribute controlled dangerous substances, admitting during the rearraignment proceeding that he conspired with others to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, and that those quantities were reasonably foreseeable to him. Rearraignment Tr. at 16-17, ECF 303; Plea Agreement at 1-2, ECF 196.

On October 18, 2019, pursuant to an agreement under Rule 11(c)(1)(C) that the appropriate term of incarceration was a below-Guidelines range of between 168 and 210 months, Grossman was sentenced to 168 months in the custody of the Bureau of Prisons. Sentencing Tr. at 4, 35-36, ECF 305; J., ECF 257. No appeal was filed.

On May 13, 2020, Grossman filed a Motion to Vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel for four reasons: (1) he was induced to plead guilty because counsel told him that if he did not plead guilty, he would be designated as a career offender, when in fact a conviction under 21 U.S.C. § 846 was not a qualifying offense for career offender status; (2) he requested counsel to obtain a toxicology report on the drugs involved in the conspiracy "numerous times" prior to his guilty plea, but she failed to do so; (3) failure to challenge two prior convictions that gave him six criminal history points; and (4) failure to challenge the "specific"

1

drug amounts attributable to him. Mot. to Vacate at 5-9, ECF 282. The government obtained transcripts of the rearraignment and sentencing and filed an opposition to the motion. Opp'n to Mot. to Vacate, ECF 306. After consideration, because no ineffective assistance has been shown, the motion to vacate will be denied.

**ANALYSIS**

To prove ineffective assistance of counsel, a petitioner must show both deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Regarding career offender status, there was a change in case law between the plea agreement and the sentencing: the Fourth Circuit decided in *United States v. Norman* that conspiracy to distribute drugs did not qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b). 935 F.3d 232, 239 (4th Cir. 2019). The change was noted in the PSR, *see* Presentence Report at 8, ECF 238, which both counsel and Grossman reviewed before sentencing, Sentencing Tr. at 2-3. It was neither deficient performance nor prejudicial for counsel not to object to the career offender status at sentencing because the parties agreed that Grossman's "natural" guideline range was 34, without the career offender status, and the agreed-upon range of incarceration was significantly below the guideline range in any event. Sentencing Tr. at 3-4. The court calculated the guidelines at sentencing, as required, but based its sentence on various 18 USC 3553(a) factors, including relative culpability with Grossman's co-defendants. Sentencing Tr. 33-36.

The other three arguments also fail. Grossman admitted under oath in the course of the guilty plea that the quantity of 400 grams of fentanyl was reasonably foreseeable to him, and that there was nothing he had asked counsel to do that she hadn't done. Rearraignment Tr. at 12-13, 14-17. He is bound by those statements. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir.

2005). Further, while he now challenges two convictions for purposes of his guideline range, he does not identify those convictions, he did not object to the PSR calculations, and again there was no prejudice because his sentence was not based on the guidelines.

Accordingly, the Motion to Vacate will be denied and dismissed without an evidentiary hearing. No certificate of appealability will be issued. A separate Order follows.

| | |
|---|---|
|   1/22/2024 |   /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |